IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Thomas W. Beaumont, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Civil Action No. 9:18-3142-BHH |
| v. | ) | |
| | ) | **ORDER** |
| Donald H. Layton, Federal National | ) | |
| Mortgage Corporation, Montague | ) | |
| Laffitte, and Palmetto State Bank, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the Court on Plaintiff Thomas W. Beaumont's ("Beaumont" or "Plaintiff") complaint filed pursuant to South Carolina Code Ann. § 36-3-603. In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the matter was referred to a United States Magistrate Judge for initial review.

On April 8, 2019, Magistrate Judge Mary Gordon Baker filed a Report and Recommendation ("Report") outlining the issues and recommending that the Court dismiss this action without prejudice based on Plaintiff's failure to respond to Defendants' motion for judgment on the pleadings or, in the alternative, for default judgment. On April 22, 2019, Defendants filed objections to the Magistrate Judge's Report, asserting that the Report fails to address their counterclaim for attorney's fees and costs based on the contractual provisions in the loan documents. Plaintiff did not file specific objections to the Report, but on May 6, 2019, he filed an affidavit asserting that he never received the Magistrate Judge's prior order, which granted his motion for an extension of time to respond to Defendants' motion. After review, the Court remanded the matter to the

Magistrate Judge to consider the merits of the parties' claims in light of Defendants' objections and Plaintiff's affidavit.

On June 3, 2019, the Magistrate Judge issued an Order and Report and Recommendation, ultimately denying Plaintiff's motion to strike Defendants' answer and counterclaim and recommending that the Court deny Defendants' motion for judgment on the pleadings and default judgment. Attached to the Order and Report was a notice advising the parties of their right to file written objections to the Report within fourteen days of being served with a copy. To date, no objections have been filed.[1]

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

---

[1] On June 3, 2019, the same day the Magistrate Judge filed her most recent Order and Report, Plaintiff filed a notice indicating that he does not object to the MagistrateJudge's prior Report, stating, "this shall serve as Notice Plaintiff does not object to the Report and Recommendation and is in agreement with the Magistrate Judge and the Court in regard to the analysis that was made from the record that was before her." (ECF No. 37 at 1.)

Here, because no objections were filed, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error. After review, the Court finds no clear error and agrees with the Magistrate Judge that Plaintiff has alleged facts sufficient to state a claim for relief under South Carolina Code § 36-3-603, and that such allegations are sufficient to survive Defendants' motion for judgment on the pleadings at this early stage of litigation.

Accordingly, the Court adopts and incorporates the Magistrate Judge's Report (ECF No. 34) and denies "Defendants' motion for judgment on the pleadings as to Beaumont's complaint; and, as to Defendants' counterclaim, Defendants' motion for default judgment, or, in the alternative, motion for judgment on the pleadings" (ECF No. 17).

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
Bruce Howe Hendricks
United States District Judge

June 26, 2019
Charleston, South Carolina